### City of Cambridge *vs.* County Commissioners of Middlesex.

County commissioners have no authority to issue a warrant for a jury to assess damages for land taken for a common sewer, under *St.* 1859, *c.* 137, after the expiration of six months from the decision to take the land; although the owner of the land had no notice of their decision until after the expiration of the six months.

Petition for a writ of *certiorari*, to quash the proceedings of county commissioners in issuing a warrant for a jury to assess the damages for land of Robert Murdock taken for a common sewer under *St.* 1859, *c.* 137.

At the hearing in this court, it appeared that after notice to the public and to parties interested, of a meeting to be held for the purpose of taking certain lands for a common sewer, the board of aldermen of the city of Cambridge, upon consideration of the question of laying the sewer through land of Murdock and others, voted on the 7th of September 1859, at a meeting

which Murdock attended, to lay the matter upon the table ; and on the 14th of September voted to lay the sewer, and ordered that a strip of land, including land of Murdock, be taken therefor, and estimated his damages at the sum of $125. On October 6, 1859, the common council concurred. Murdock had no notice of these votes until the 18th of October 1860, at which time he received a notice from the city clerk, and on the 14th of January 1861 presented his petition for a jury to estimate his damages, setting forth the want of notice ; and the commissioners issued their warrant accordingly.

Upon these facts, *Merrick*, J. reserved the case for the determination of the whole court.

*J. C. Dodge*, for the petitioners.

*R. H. Dana, Jr. & H. W. Muzzey*, for the respondents. The decision of the commissioners as to whether the petition was seasonably presented by Murdock was a decision upon a question of fact, and is final. *Nightingale, Petitioner*, 11 Pick. 168. Murdock's right to a jury existed at the time of his petition. The notice given by the board of aldermen did not show that they would assess damages ; and it was not passed by a concurrent vote of both branches of the city government. The six months limitation could not begin to run against Murdock until he had notice. The vote laying the matter upon the table disposed of the business. He has been guilty of no laches. He has had no hearing upon the question of damages. The order of the commissioners does substantial justice between the parties ; and in such case the writ of *certiorari* should be refused. *Rutland* v. *County Commissioners*, 20 Pick. 71, 80, and cases cited.

CHAPMAN, J. The *St.* of 1859, *c.* 137, which authorizes the city of Cambridge to lay and maintain drains and sewers, gives to land owners the same remedy for their damages which is provided by law in case of lands taken for public highways or streets. The city charter, *St.* 1846, *c.* 109, § 18, in respect to highways gives land owners the right to apply to the county commissioners for a warrant for a jury within six months after the decision in relation to the laying out.

Under these statutes, the right to apply to the commissioners

is limited to six months from the time of passing the order for laying the drain. *Bennett* v. *County Commissioners*, 4 Gray, 359.

The application of Murdock was not made within six months from the passing of the order, and therefore the commissioners had no power to act upon it.

It is said, however, that he did not have due notice of the proceedings of the city authorities in the matter, and also that he made the application within six months after he received notice of what they had done. But if their proceedings were 'regular, an application to the county commissioners was no part of his legal remedy; and the statute limitation is six months from the time of passing the order, and not from the time of giving him notice of it. Indeed, no provision for such notice seems to exist, and the notice given by the clerk was merely voluntary. That the action of the county commissioners upon a petition presented after the expiration of the time of limitation is void, has been too often settled to require discussion. *Charlestown Branch Railroad* v. *County Commissioners*, 7 Met. 78. *Charles River Branch Railroad* v. *County Commissioners*, 7 Gray, 389. *Monagle* v. *County Commissioners*, 8 Cush. 360. *Eaton* v. *Framingham*, 6 Cush. 245.

*Certiorari granted.*